UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00083-GNS-HBB

DORIS A. EVERETT                                                                                                PLAINTIFF

v.

AMERICAN GENERAL LIFE INSURANCE COMPANY                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 8). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **DENIED**.

### I.        STATEMENT OF THE CASE

This is an action brought by Plaintiff Doris A. Everett ("Everett") seeking judgment against Defendant American General Life Insurance Company ("AGLIC") for a policy benefit of $50,000 allegedly owed to Plaintiff, plus a claim under the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), KRS 304.12-230. (Compl. 2-3, DN 1-4). This action was originally filed in Logan Circuit Court, Kentucky, and removed to this Court by Defendant based upon diversity of citizenship.

### II.       STANDARD OF REVIEW

Civil claims filed in state court which could have been originally brought in federal court may be removed by a defendant to federal court. *See* 28 U.S.C. 1441(a). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *McCraw v. Lyons*, 863 F. Supp. 430, 432 (W.D. Ky. 1994) (citations omitted). "When a plaintiff alleges a

specific amount of damages in the complaint, that amount controls unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Id*. (citations omitted). "If the plaintiff seeks to recover some unspecified amount of damages that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant must prove by a preponderance of the evidence, *i.e.,* it is 'more likely than not,' that the plaintiff's claims meet the federal amount in controversy requirement." *Id*. (citations omitted).

### III. DISCUSSION

Plaintiff asserts that Defendant failed to timely file the notice for removal. (Pl.'s Mem. in Supp. of Mot. to Remand 1-2, DN 8-1 [hereinafter Pl.'s Mot.]). In addition, Plaintiff maintains that Defendant has not proven the claims asserted will exceed the jurisdictional threshold of $75,000. (Pl.'s Mot. 2-4). Each basis will be addressed below.

#### A. Timeliness

Under 28 U.S.C. § 1446(b)(1), a defendant shall file a notice of removal within 30 days after receiving the initial pleadings. In applying 28 U.S.C. § 1446(b) to this case, state law governs the service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 353 (1999). KRS 304.3-230 requires the Kentucky Secretary of State to be appointed by foreign insurers as a statutory agent of process. In relevant part, that statute provides:

> If the Secretary of State is by law the lawful attorney for service of process, the clerk of the court in which action is brought shall issue a summons against the defendant named in the complaint and shall serve by certified mail, return receipt requested, two (2) true copies of the summons with two (2) attested copies of plaintiff's complaint to the Secretary of State. The Secretary of State shall immediately mail a copy of the summons and complaint to the defendant; if an authorized insurer, to the person designated pursuant to subsection (7) of KRS 304.3-150, and if an unauthorized insurer to the last known principal place of business. The letter shall be posted by prepaid certified mail, return receipt requested, and shall bear the return address of the Secretary of State. The Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return

the registry receipt, if any. **Summons shall be deemed to be served on the return of the Secretary of State** and the action shall proceed as provided in the Kentucky Rules of Civil Procedure.

KRS 304.3-230(5) (emphasis added). Thus, under Kentucky law, service is complete once the Secretary of State mails the summonses and complaint to a defendant, and makes a return to the court confirming performance of those acts.

In this case, the Notice of Removal was filed on May 31, 2016. The Kentucky Secretary of State received the initial pleadings on April 28, 2016, but its return to the Logan Circuit Court Clerk was received on May 8, 2016. Under Kentucky law, that date of return begins the thirty-day clock for removal. *See Murphy*, 526 U.S. at 353. Thus, when Defendant's Notice of Removal was filed on May 31, 2016, the notice was timely because service was not complete until May 8, 2016. Therefore, Plaintiff's motion for remand based upon the timeliness of removal will be denied.

### B. Amount In Controversy

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). In determining the amount in controversy for jurisdictional purposes, "[t]he amount claimed by the plaintiff usually controls, but the defendant can remove the case under 28 U.S.C. § 1441(a) if it is shown that the amount in controversy is 'more likely than not' above $75,000." *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015) (citation omitted). The party seeking removal to this forum must prove the jurisdictional requirements by a preponderance of the evidence. *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007). "In calculating the amount in controversy

3

for diversity jurisdiction, courts can consider punitive damages . . . and statutorily-authorized attorney fees . . . ." *Hampton*, 614 F. App'x at 323 (internal citations omitted).

In this case, Plaintiff argues that the amount in controversy does not exceed $75,000 and the Defendant has not satisfied its burden of proving by a preponderance of the evidence the amount in controversy is "more likely than not" to exceed the jurisdictional requirement. (Pl.'s Mot. 2-3). Plaintiff claims the Defendant cannot remove the case to federal court based solely on an assertion that the amount in controversy is "more likely than not" to exceed $75,000. (Pl.'s Mot. 3).

The Court is unpersuaded by Plaintiff's arguments. As Defendant has noted, Plaintiff has asserted a breach of contract for which she is seeking $50,000 in benefits under the subject insurance policy, which alone is two-thirds of the jurisdictional requirement. (Comp. 3; Def.'s Resp. to Pl.'s Mot. to Remand 6, DN 9).

In addition, Plaintiff seeks compensatory damages for Defendant's breach of the UCSPA. (Compl. 3). Plaintiff has also made a request for punitive damages, which are recoverable under the UCSPA. *See Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409-10 (6th Cir. 2005). The UCSPA also allows the recovery of attorneys' fees. *See* KRS 304.12-235(3). In determining whether this Court has jurisdiction, the Court must consider all of Plaintiff's damages claims under the UCSPA—including the request for punitive damages and attorneys' fees. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted); *Pendergrass v. Time Ins. Co.*, No. 5:09-CV-00215-R, 2010 WL 989154, at*2 (W.D. Ky. Mar. 12, 2010).

In *Pendergrass v. Time Insurance Co.*, this Court considered a motion to remand based on similar grounds. In *Pendergrass*, the plaintiff had alleged unpaid medical expenses totaling

4

$35,000, and sought compensatory and punitive damages, and attorneys' fees under the UCSPA. *See Pendergrass*, 2010 WL 989154, at *2. This Court held that there was a preponderance of evidence that the amount in controversy requirement was met for removal. *See id.*

In the case *sub judice*, the Court reaches the same conclusion. When the claims for compensatory and punitive damages and attorneys' fees under the UCSPA are coupled with Plaintiff's breach of contact claim for $50,000, it is "more likely than not" that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, Plaintiff's motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 8) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 9, 2016

cc: counsel of record